## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

GREGORY BUTCHER,                    CASE NO: 3:25-cv-29

     Plaintiff,

     vs.


VERIZON WIRELESS SERVICES, LLC,
TRANS UNION, LLC, EXPERIAN
INFORMATION SOLUTIONS, INC., and
EQUIFAX INFORMATION SERVICES, LLC.

     Defendants.

━━━━━━━━━━━━━━━━━━━━━━━━/

## PLAINTIFF'S COMPLAINT
### JURY DEMAND

1.      Plaintiff, GREGORY BUTCHER ("Plaintiff" or "Mr. Butcher") brings this action VERIZON WIRELESS SERVICES, LLC for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.* (hereinafter "FCRA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et. seq.* ("FCCPA").

2.      Plaintiff further alleges violations of the FCRA against TRANS UNION, LLC ("Trans Union"), EXPERIAN INFORMATION SOLUTIONS, LLC ("Experian") and EQUIFAX INFORMATION SERVICES, LLC ("Equifax").

## JURISDICTION AND VENUE

3.      This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States.

4.      Supplemental jurisdiction exists for Plaintiff's FCCPA claims pursuant to 28 U.S.C. §1367.

5.      Venue here is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in Escambia County, Florida.

## PARTIES

6.      Plaintiff is a natural person who, at all times relevant to this action is and was a resident of Escambia County, Florida and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

7.      Defendant, Verizon Wireless Services, LLC ("Verizon") is a Delaware corporation with its principal place of business at One Verizon Way, Basking Ridge, NJ 07920.

8.      Defendant, Transunion LLC ("Trans Union") is a limited liability company incorporated under the laws of the State of Delaware, whose members are citizens of the state of Illinois. Trans Union is authorized to do business in and regularly conducts business in the State of Florida and is engaged in the business of assembling, evaluating, and disbursing

information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

9.      Defendant, Experian Information Solutions, Inc. ("Experian") is an Ohio corporation incorporated under the laws of the State of Delaware. Experian is authorized to do business in the State of Florida and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

10.     Defendant, Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company incorporated under the laws of the State of Delaware. Equifax is authorized to do business in the State of Florida and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

11.     Trans Union, Experian, and Equifax shall collectively be referred to as Credit Reporting Agencies ("the CRAs.")

## FACTUAL ALLEGATIONS

12.     Under the FCRA, the term "consumer report" generally refers to:

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in

whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for:

i.  credit or insurance to be used primarily for personal, family,
    or household purposes;

ii. employment purposes; or

iii. any other purpose authorized under section 1681b of this title.

15 U.S.C. § 1681a(d)(1).

13.  The terms "consumer report", "credit report", and "consumer credit report" are used synonymously herein.

14.  The FCRA requires CRAs to implement an automated reinvestigation system through which furnishers of information to the CRA may report the results of a reinvestigation that finds incomplete or inaccurate information in a consumer's file. 15 U.S.C. § 1681i(a)(5)(D).

15.  To comply with the automated dispute reinvestigation requirements of the FCRA, Trans Union, Equifax, and Experian (the three major "National CRAs"), along with Innovis Data Solutions, Inc., developed and implemented a browser- based software system that allows the CRAs to electronically notify furnishers quickly and easily of disputed credit reporting information, and for furnishers to quickly and easily respond to such disputes following the furnisher's investigation of the disputed information.

16.    The system is commonly referred to as e-OSCAR (Online Solution for Complete and Accurate Reporting) and was designed to be Metro 2 compliant. See http://www.e-oscar.org/ (last accessed January 7, 2025).

17.    The e-OSCAR system primarily supports Automated Credit Dispute Verification ("ACDV") and Automated Universal Data Form ("AUD") processing, as well as other consumer-dispute-related processes. *Id.*

18.    The National CRAs, provide notice of a consumer's dispute to data furnishers in the ACDV format, and forward the ACDV to the furnisher through e- OSCAR.

19.    If a furnisher's investigation of a consumer's dispute determines that the information in dispute is incomplete or inaccurate, the FCRA requires the furnisher to correct the information not only with the CRA that sent the ACDV, but with all other CRAs to whom the furnisher reported that information. 15 U.S.C. § 1681s-2(b)(1)(D).

20.    The e-OSCAR system facilitates the furnisher's compliance with 15 U.S.C. § 1681s-2(b)(1)(D) by sending a "Carbon Copy" of an ACDV response "to each CRA with whom the [furnisher] has a reporting relationship" in addition to the response to the initiating CRA. *See* https://www.e-oscar.org/gettingstarted  (last accessed January 7, 2025).

21.    Additionally, a furnisher can manually correct a tradeline with a CRA other than the one that initiated a dispute by sending an AUD within e-OSCAR. Id.

22.    Trans Union, Experian, and Equifax each require data furnishers that report to them respectively to register with and use e-OSCAR, and states that e-OSCAR is "in compliance with FCRA and Metro 2 standards." See, https://www.transunion.com/data-reporting/support-teams (last accessed January 7, 2025).

23.    Mr. Butcher had an account with Verizon that included telecommunications services ("Verizon Account.")

24.    The Verizon Account was for personal, family, or household purposes.

25.    The basis of Mr. Butcher's dispute with Verizon is that he made multiple attempts to cancel his account, but was unable to despite twelve separate phone calls.

26.    With each phone call, Mr. Butcher requested the service be canceled, only to receive a bill the following month showing the charges were recurring.

27.    Mr. Butcher's first attempt to cancel his services with Verizon were in May or June of 2023.

28.    Mr. Butcher's attempts to cancel have also included using Verizon's online chat feature and also sending emails.  On several occasions Mr. Butcher was told the lines have been disconnected only to receive a new bill during the next billing cycle.

29.    Once the line was disconnected, Mr. Butcher called and attempted to resolve the issue but was denied any opportunity to explain and was instead directed to pay a balance that only came about because Verizon refused to cancel his services.

30.    In August 2023, Mr. Butcher called Verizon after being surprised by his Account still being active. When Mr. Butcher was finally able to speak with a Verizon representative, he was given another sales pitch to keep him as a customer which included providing a military discount for future services.

31.    Verizon offered a $15.00 monthly discount which it honored for only one month and then charged him the full amount again for the next month and the ones that followed.

32.    The only way Mr. Butcher was able to have the line disconnected was by refusing to pay for services that were not being used and that he repeatedly tried to cancel.

33. Eventually, the Account was referred to a debt collector, known as The CBE Group. *See* https://cbegroup.com/ (last visited January 17, 2025).

34. Based on information and belief, CBE Group made an attempt to collect on the Account and included a CBE reference#22-4225104 to which Mr. Butcher responded in a written letter on or about March 4, 2024.

35. In that March 4, 2024 response to CBE's attempt to collect, Mr. Butcher disputed the debt and recounted his previous attempts to cancel the account and detailed why the balance was inaccurate.

36. Eventually, the Verizon would refer the Account to a second debt collector, IC System, Inc. ("ICS") and Mr. Butcher repeated the same process as he did with CBE Group by disputing the debt in writing. Mr. Butcher's dispute to ICS was sent on or about May 29, 2024 with Reference #: 353788015-1-49. A copy of Plaintiff's dispute response to ICS is attached as Exhibit "A."

37. On July 22, 2024 Mr. Butcher reviewed his available credit reports and saw the Account being reported as in collections with a $1,127 balance

38. Sometime around September 2024, Verizon referred the account to a third debt collector, Sequium Asset Solutions, LLC ("Sequium").

39.    On September 12, 2024 Sequium sent an email to Plaintiff with a subject line reading: "your VERIZON Wireless account needs your attention" and provided a reference number.

40.    On October 10, 2024, Mr. Butcher sent written disputes to the CRAs which detailed his attempts to cancel his account with Verizon. Copies of the written disputes from October 10, 2024 are attached as Composite Exhibit "B."

41.    On November 18, 2024, Mr. Butcher reviewed his Trans Union report and saw the Verizon Account reporting as a "Collection" with a $1,127 balance.

42.    On November 29, 2024, Mr. Butcher reviewed his Experian report and saw the Verizon Account reporting as a "Collection" with a $1,127 balance.

43.    On December 2, 2024, Mr. Butcher applied for credit through Chase Card Services, but was denied based on an Experian report which listed delinquent past/present credit obligations of which Verizon is the only matching such description.

44.    On December 26, 2024, Mr. Butcher reviewed his Equifax report and saw the Verizon Account reporting as a "Collection" with a $1,127 balance.

45.     The CRAs reliance on VERIZON has caused the Inaccurate Information to be sent to third parties who have viewed Plaintiff's credit reports when evaluating Plaintiff's credit worthiness.

46.     Unless and until the Inaccurate Information is no longer a factor in Plaintiff being denied credit, being granted credit at increased rates, losing the opportunity to benefit from credit, or Plaintiff being forced to procure a co-signer to be granted any credit under any terms, these economic losses will continue.

47.     Before filing this lawsuit, Plaintiff discovered the alleged balance according to Sequium was $1,330.47.

## COUNT I – VIOLATION OF 15 U.S.C. §1681s-2(b) AGAINST VERIZON

48.     Plaintiff incorporates paragraphs 1, 3 – 6, and 11 – 46.

49.     Verizon is a furnisher under the FCRA because it provides information concerning consumers to credit reporting agencies

50.     Verizon violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's Dispute when it failed to review all relevant information regarding the alleged debt.

51.     Additionally, Verizon violated §1681s-2(b) by failing to accurately respond to Plaintiff's dispute forwarded by the CRAs concerning the account,

including reporting the account as open when Plaintiff repeatedly requested that it be closed.

52.     As a result of Verizon's violations of the FCRA, Plaintiff has suffered damages including but not limited to frustration, credit defamation, time spent dealing with credit report disputes, and the costs associated with disputes for an account with an inaccurate balance.

53.     Verizon's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

54.     In the alternative, Verizon negligently violated FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

55.     Plaintiff is entitled to an award of prevailing party attorney's fees pursuant to 15 U.S.C. §1681.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff:

a.  Adjudging that Verizon has violated 15 U.S.C. §1681s-2(b);

b.  Awarding Plaintiff actual damages; statutory damages; and punitive damages

c.  attorneys' fees, litigation expenses and costs;

d.  and such other relief as the Court deems just and proper.

## COUNT II – VIOLATION OF FLA. STAT. §559.72(5) AGAINST VERIZON FOR DISCLOSURES TO SEQUIUM

56.     Plaintiff incorporates paragraphs 1, 3 – 6, and 11 – 46.

57.     At all times relevant to this action, Verizon is subject to and must abide by the laws of Florida, including without limitation Florida Statute § 559.72, *et seq.*

58.     At all times relevant to this action, Verizon knew or had reason to know that Plaintiff did not owe the amounts alleged because he made repeated accounts to close his account, but Verizon failed to do so which subjected Plaintiff to unwanted charges.

59.     Verizon violated Fla. Stat. §559.72(5) by disclosing to a person other than the Plaintiff or his family information affecting Plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

60.     §559.72(5) of the FCCPA is a codified tort like defamation *See, e.g.*, Restatement (First) of Torts § 569 cmt. g (Am. Law Inst. 1938) (explaining that it is "actionable per se" to publish a false statement that another has "refus[ed] to pay his debts").

61.     Damages in the form being affected are the "class of injury where damages are difficult to prove and at the same time provide a penalty to

dissuade parties . . . from engaging in collection practices which may have been heretofore tolerated industry wide." *See Laughlin v. Household Bank*, 969 So. 2d 509, 513 (Fla. 1st DCA. 2007) (quoting *Harris v. Beneficial Finance Company of Jacksonville*, 338 So.2d 196, 200 (Fla. 1976)). Accordingly, Plaintiff "is not required to prove actual damages, but only a violation of one of the prohibited practices in the FCCPA." Id. "As discussed above, by enacting section 559.77, the Legislature intended to provide statutory damages in an area where the amount of damages are difficult to calculate." *Id*. at 514.

62.    Verizon disclosed false credit information to Sequium when it knew or had reason to know such information was false.

63.    As a direct result of Verizon's actions, Plaintiff suffered harm, including without limitation, misrepresentation of an amount owed to a third party, anxiety, annoyance, stress, aggravation, mental distress, emotional distress, and loss of time spent addressing Verizon's actions.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in Plaintiff's favor for:

   a. Actual, statutory, and punitive damages pursuant to Fla. Stat. § 559.77;

   b. attorneys' fees, litigation expenses and costs of the instant suit; and

c.  such other or further relief as the Court deems proper.

## COUNT III – VIOLATION OF FLA. STAT. §559.72(6) AGAINST VERIZON FOR DISCLOSURES TO SEQUIUM

64.  Plaintiff incorporates paragraphs 1, 3 – 6, and 11 – 46.

65.  At all times relevant to this action, Verizon is subject to and must abide by the laws of Florida, including without limitation Florida Statute § 559.72, *et seq.*

66.  At all times relevant to this action, Verizon knew or had reason to know that Plaintiff was disputing the debt, but failed to disclose that fact to Sequium in violation of Fla. Stat. §559.72(6).

67.  As a direct result of Verizon's actions, Plaintiff suffered harm, including without limitation, misrepresentation of an amount owed to a third party, anxiety, annoyance, stress, aggravation, mental distress, emotional distress, and loss of time spent addressing Verizon's actions.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in Plaintiff's favor for:

a. Actual, statutory, and punitive damages pursuant to Fla. Stat. § 559.77;

b. attorneys' fees, litigation expenses and costs of the instant suit; and

c. such other or further relief as the Court deems proper.

## **COUNT IV – VIOLATION OF FLA. STAT. §559.72(5) AGAINST VERIZON FOR DISCLOSURES TO ICS**

68.     Plaintiff incorporates paragraphs 1, 3 – 6, and 11 – 46.

69.     At all times relevant to this action, Verizon is subject to and must abide by the laws of Florida, including without limitation Florida Statute § 559.72, *et seq.*

70.     At all times relevant to this action, Verizon knew or had reason to know that Plaintiff did not owe the amounts alleged because he made repeated accounts to close his account, but Verizon failed to do so which subjected Plaintiff to unwanted charges.

71.     Verizon violated Fla. Stat. §559.72(5) by disclosing to a person other than the Plaintiff or his family information affecting Plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

72.     §559.72(5) of the FCCPA is a codified tort like defamation *See, e.g.*, Restatement (First) of Torts § 569 cmt. g (Am. Law Inst. 1938) (explaining that it is "actionable per se" to publish a false statement that another has "refus[ed] to pay his debts").

73.     Damages in the form being affected are the "class of injury where damages are difficult to prove and at the same time provide a penalty to

dissuade parties . . . from engaging in collection practices which may have been heretofore tolerated industry wide." *See Laughlin v. Household Bank*, 969 So. 2d 509, 513 (Fla. 1st DCA. 2007) (quoting *Harris v. Beneficial Finance Company of Jacksonville*, 338 So.2d 196, 200 (Fla. 1976)). Accordingly, Plaintiff "is not required to prove actual damages, but only a violation of one of the prohibited practices in the FCCPA." Id. "As discussed above, by enacting section 559.77, the Legislature intended to provide statutory damages in an area where the amount of damages are difficult to calculate." *Id.* at 514.

74. Verizon disclosed false credit information to ICS, when it knew or had reason to know such information was false.

75. As a direct result of Verizon's actions, Plaintiff suffered harm, including without limitation, misrepresentation of an amount owed to a third party, anxiety, annoyance, stress, aggravation, mental distress, emotional distress, and loss of time spent addressing Verizon's actions.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in Plaintiff's favor for:

> a. Actual, statutory, and punitive damages pursuant to Fla. Stat. § 559.77;
>
> b. attorneys' fees, litigation expenses and costs of the instant suit; and

c. such other or further relief as the Court deems proper.

### COUNT V - VIOLATION OF FLA. STAT. §559.72(6) AGAINST VERIZON FOR DISCLOSURES TO ICS

76.    Plaintiff incorporates paragraphs 1, 3 – 6, and 11 – 46.

77.    At all times relevant to this action, Verizon is subject to and must abide by the laws of Florida, including without limitation Florida Statute § 559.72, *et seq*.

78.    At all times relevant to this action, Verizon knew or had reason to know that Plaintiff was disputing the debt, but failed to disclose that fact to ICS in violation of Fla. Stat. §559.72(6).

79.    As a direct result of Verizon's actions, Plaintiff suffered harm, including without limitation, misrepresentation of an amount owed to a third party, anxiety, annoyance, stress, aggravation, mental distress, emotional distress, and loss of time spent addressing Verizon's actions.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in Plaintiff's favor for:

a. Actual, statutory, and punitive damages pursuant to Fla. Stat. § 559.77;

b. attorneys' fees, litigation expenses and costs of the instant suit; and

c. such other or further relief as the Court deems proper.

## COUNT VI – VIOLATIONS OF FLA. STAT. §559.72(5) AGAINST VERIZON FOR DISCLOSURES TO CBE GROUP

80.     Plaintiff incorporates paragraphs 1, 3 – 6, and 11 – 46.

81.     At all times relevant to this action, Verizon is subject to and must abide by the laws of Florida, including without limitation Florida Statute § 559.72, *et seq.*

82.     At all times relevant to this action, Verizon knew or had reason to know that Plaintiff did not owe the amounts alleged because he made repeated accounts to close his account, but Verizon failed to do so which subjected Plaintiff to unwanted charges.

83.     Verizon violated Fla. Stat. §559.72(5) by disclosing to a person other than the Plaintiff or his family information affecting Plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

84.     §559.72(5) of the FCCPA is a codified tort like defamation *See, e.g.*, Restatement (First) of Torts § 569 cmt. g (Am. Law Inst. 1938) (explaining that it is "actionable per se" to publish a false statement that another has "refus[ed] to pay his debts").

85.     Damages in the form being affected are the "class of injury where damages are difficult to prove and at the same time provide a penalty to

dissuade parties . . . from engaging in collection practices which may have been heretofore tolerated industry wide." *See Laughlin v. Household Bank*, 969 So. 2d 509, 513 (Fla. 1st DCA. 2007) (quoting *Harris v. Beneficial Finance Company of Jacksonville*, 338 So.2d 196, 200 (Fla. 1976)). Accordingly, Plaintiff "is not required to prove actual damages, but only a violation of one of the prohibited practices in the FCCPA." Id. "As discussed above, by enacting section 559.77, the Legislature intended to provide statutory damages in an area where the amount of damages are difficult to calculate." *Id.* at 514.

86.    Verizon disclosed false credit information to CBE Group when it knew or had reason to know such information was false.

87.    As a direct result of Verizon's actions, as a direct result of Verizon's actions, Plaintiff suffered harm, including without limitation, misrepresentation of an amount owed to a third party, anxiety, annoyance, stress, aggravation, mental distress, emotional distress, and loss of time spent addressing Verizon's actions.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in Plaintiff's favor for:

a.    Actual, statutory, and punitive damages pursuant to Fla. Stat. § 559.77;

b.   attorneys' fees, litigation expenses and costs of the instant suit; and

c.   such other or further relief as the Court deems proper.

## COUNT VI – VIOLATIONS OF FLA. STAT. §559.72(6) AGAINST VERIZON FOR DISCLOSURES TO CBE GROUP

88.   Plaintiff incorporates paragraphs 1, 3 – 6, and 11 – 46.

89.   At all times relevant to this action, Verizon is subject to and must abide by the laws of Florida, including without limitation Florida Statute § 559.72, *et seq.*

90.   At all times relevant to this action, Verizon knew or had reason to know that Plaintiff was disputing the debt, but failed to disclose that fact to CBE Group in violation of Fla. Stat. §559.72(6).

91.   As a direct result of Verizon's actions, Plaintiff suffered harm, including without limitation, misrepresentation of an amount owed to a third party, anxiety, annoyance, stress, aggravation, mental distress, emotional distress, and loss of time spent addressing Verizon's actions.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in Plaintiff's favor for:

a. Actual, statutory, and punitive damages pursuant to Fla. Stat. § 559.77;

b. attorneys' fees, litigation expenses and costs of the instant suit; and

c. such other or further relief as the Court deems proper.

## COUNT VIII – VIOLATIONS OF FLA. STAT. 559.72(9) AGAINST VERIZON

92. Plaintiff incorporates paragraphs 1, 3 – 6, and 11 – 46.

93. At all times relevant to this action, Verizon is subject to and must abide by the laws of Florida, including without limitation Florida Statute § 559.72, *et seq*.

94. Verizon violated Fla. Stat. §559.72(9) by claiming, attempting, or threatening to enforce a debt when Verizon knew that the debt was not legitimate, or asserting the existence of some other legal right when Verizon knew that right did not exist.

95. Verizon continued its attempts to collect the debt at issue through its debt collector agents after Plaintiff canceled his account and did not owe any money to Verizon.

96. "Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall

consider the nature of the defendant's noncompliance with s.559.72, the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional." Fla. Stat. 559.77(2).

97.     As a result of Verizon's FCCPA violations, Plaintiff suffered damages including but not limited to, time spent addressing Defendant's illegal collection practices and charges on an account that he closed or canceled.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in Plaintiff's favor for:

    a.  Actual, statutory, and punitive damages pursuant to Fla. Stat. § 559.77;

    b.  attorneys' fees, litigation expenses and costs of the instant suit; and

    c.  such other or further relief as the Court deems proper.

## COUNT IX - VIOLATIONS OF 15 U.S.C. §1681i
## (AGAINST TRANS UNION)

98.     Plaintiff incorporates paragraphs 2, 3, 5, 6, 8, 11 – 41, 45, and 46.

99.     At all times relevant hereto, Trans Union is and was a "consumer reporting agency" as provided for under the FCRA.

100.    At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

101.   During the relevant time frame, Trans Union received Plaintiff's Initial Dispute regarding the accuracy or completeness of the VERIZON account appearing on Plaintiff's consumer disclosure.

102.   Trans Union violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

103.   Additionally, Trans Union unreasonably relied on information provided by VERIZON, when readily verifiable information that Plaintiff provided in the Initial Dispute placed Trans Union on notice that VERIZON's information was inaccurate and unreliable.

104.   Trans Union's acts or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

105.   Alternatively, Trans Union negligently violated FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

106.   As a result of Trans Union's FCRA violations, Plaintiff suffered mental and emotional distress associated with the Inaccurate Information being sent to third parties, damage to her reputation for credit worthiness, credit denials, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit or being granted credit at

increased rates, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff, prays this Honorable Court to enter the following relief against Trans Union in the form of: Actual damages in an amount to be determined by the jury; Punitive damages in an amount to be determined by the jury; Statutory damages as determined by the Court; Attorneys' fees, litigation expenses and costs; Interest as permitted by law; and such other and further relief including as the Court deems equitable and just under the circumstances.

## COUNT IX- VIOLATIONS OF 15 U.S.C. §1681e(b) AGAINST TRANS UNION

107.    Plaintiff incorporates Paragraphs 2, 3, 5, 6, 8, 11 – 41, 45, and 46.

108.    At all times relevant hereto, TransUnion is and was a "consumer reporting agency" as provided for under the FCRA.

109.    At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

110.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

111.    Any users of credit reports that viewed the VERIZON account saw the Inaccurate Information.

112.    Even after Plaintiff's Initial Dispute, the VERIZON account is still being reported with the Inaccurate Information.

113.    Trans Union's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

114.    In the alternative, Trans Union negligently violated FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

115.    As a result of Trans Union's failures to comply with the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate information in his credit file, damage to her reputation for credit worthiness, credit denials, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit or being granted credit at increased rates, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff, prays this Honorable Court to enter the following relief against Trans Union in the form of: Actual damages in an amount to be determined by the jury; Punitive damages in an amount to be determined by the jury; Statutory damages as determined by the Court; Attorneys' fees, litigation expenses and costs; Interest as permitted by law;

and such other and further relief including as the Court deems equitable and just under the circumstances.

### COUNT XI – VIOLATIONS OF 15 U.S.C. §1681i AGAINST EXPERIAN

116.    Plaintiff incorporates by reference the allegations in paragraphs 2, 3, 5, 6, 9, 11 – 40, 42, 43, 45, and 46.

117.    At all times relevant hereto, Experian is and was a "consumer reporting agency" as provided for under the FCRA.

118.    At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

119.    During the relevant time frame, Experian received Plaintiff's Initial Dispute and regarding the accuracy of the account reported by VERIZON on Plaintiff's credit report.

120.    Experian violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

121.    Experian failed to provide any reinvestigation results following Plaintiff's Initial Dispute.

122. Additionally, Experian unreasonably relied on information provided by VERIZON when readily verifiable information that Plaintiff

provided in her dispute(s) placed Experian on notice that VERIZON information was inaccurate.

123.  Even after Plaintiff's written dispute and follow-up, the VERIZON account is still being reported with the Inaccurate Information.

124.  Experian's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

125.  In the alternative, Experian negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

126.  As a result of Experian's violations of the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate information in his credit file, credit denials, the loss of credit, loss of the ability to purchase and benefit from credit, mental and pain and anguish, damage to her reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against Experian for: actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, and such other relief as the Court deems just and proper.

## <u>COUNT XII - VIOLATIONS OF 15 U.S.C. §1681e(b)</u>
## <u>AGAINST EXPERIAN</u>

127.    Plaintiff incorporates paragraphs 2, 3, 5, 6, 9, 11 – 40, 42, 43, 45, and 46.

128.    At all times relevant hereto, Experian is and was a "consumer Reporting agency" as provided for under the FCRA.

129.    At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

130.    During the relevant time frame, Experian received Plaintiff's Initial Dispute and follow-up correspondence regarding the accuracy of the account reported by VERIZON on Plaintiff's credit report.

131.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to Follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

132.    Any users of credit reports that viewed the VERIZON account saw the Inaccurate Information.

133.    Even after Plaintiff's written disputes, the VERIZON account is still being reported with the Inaccurate Information.

134.    Experian's acts and/or omissions were willful, rendering it liable

to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

135.    In the alternative, Experian negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

136.    As a result of Experian's failures to comply with the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate information in his credit file, credit denials, the loss of credit, loss of the ability to purchase and benefit from credit, mental and pain and anguish, damage to her reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff, prays this Honorable Court to enter the following relief against Trans Union in the form of: Actual damages in an amount to be determined by the jury; Punitive damages in an amount to be determined by the jury; Statutory damages as determined by the Court; Attorneys' fees, litigation expenses and costs; Interest as permitted by law; and such other and further relief including as the Court deems equitable and just under the circumstances.

## COUNT XIII – VIOLATIONS OF 15 U.S.C. §1681i
## AGAINST EQUIFAX

137.    Plaintiff incorporates by reference paragraphs 2, 3, 5, 6, 10 – 40, and 44 – 46.

138.    At all times relevant hereto, Equifax is and was a "consumer Reporting agency" as provided for under the FCRA.

139.    At all times relevant hereto, Plaintiff is and was a "consumer" as provided for under the FCRA.

140.    During the relevant time frame, Equifax received Plaintiff's Initial Dispute regarding the accuracy of the account reported by VERIZON on Plaintiff's credit report.

141.    Equifax violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

142.    Additionally, Equifax unreasonably relied on information provided by VERIZON, when readily verifiable information that Plaintiff provided in her disputes placed Equifax on notice that VERIZON's information was inaccurate.

143.    Even after Plaintiff's written dispute(s) the VERIZON account is still being reported with the Inaccurate Information.

144.    Equifax's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

145.    In the alternative, Equifax negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

146.    As a result of Equifax's violations of the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate information in his credit file, credit denials, the loss of credit, loss of the ability to purchase and benefit from credit, mental and pain and anguish, damage to her reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against Equifax for: actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, and such other relief as the Court deems just and proper.

## COUNT XIV – VIOLATIONS OF 15 U.S.C. §1681e(b) AGAINST EQUIFAX

147.    Plaintiff incorporates paragraphs 2, 3, 5, 6, 10 – 40, and 44 – 46.

148.    At all times relevant hereto, Equifax is and was a "consumer reportingagency" as provided for under the FCRA.

149.    At all times relevant hereto, Plaintiff is and was a "consumer" as provided for under the FCRA.

150.    During the relevant time frame, Equifax received Plaintiff's Initial Dispute regarding the accuracy of the account reported by VERIZON on Plaintiff's credit report.

151.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to

follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

152.    Any users of credit reports that viewed the VERIZON account saw the Inaccurate Information.

153.    Even after Plaintiff's written dispute(s), the VERIZON account is still being reported with the Inaccurate Information.

154.    Equifax's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

155.    In the alternative, Equifax negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

156.    As a result of Equifax's failures to comply with the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate information in his credit file, credit denials, the loss of credit, loss of the ability to purchase and benefit from credit, mental and pain and anguish, damage to her reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff, prays this Honorable Court to enter the following relief against Equifax in the form of: Actual damages in an amount to be determined by the jury; Punitive damages in an amount to be

determined by the jury; Statutory damages as determined by the Court;

Attorneys' fees, litigation expenses and costs; Interest as permitted by law;

and such other and further relief including as the Court deems equitable and

just under the circumstances.

## JURY DEMAND

157.     Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**DEBT SHIELD LAW**
***/s/ Kevin Rajabalee, Esq.***
Fla. Bar. No. 119948
3440 Hollywood Blvd., Suite 415
Hollywood, FL 33021
Main: 754-800-5299
Direct: 954-667-3096
Fax: 305-503-9457
kevin@debtshieldlaw.com
dayami@debtshieldlaw.com
service@debtshieldlaw.com
*Attorney for Plaintiff*